CJ-2022-5768
Andrew S

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

OCT 19 2022

RICK WARREN
COURT CLERK

73

**CJ-2022-5768**

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| 1.  RAUL GONZALEZ MENDOZA,<br>2.  MARA MEJIA DE GONZALEZ,<br><br>Plaintiffs,<br><br>v.<br><br>1.  ZOMER BROTHERS, INC.,<br>2.  GREAT WEST CASUALTY CO.,<br>3.  DANIEL P. FINNEMAN, and<br>4.  ACME CORP.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case Number: _____

Hon. J.: _____

## PETITION

Plaintiffs, Raul Gonzalez Mendoza ( "Mr. Gonzalez") and Mara Mejia de Gonzalez ("Mrs. Gonzalez") by and through their counsel of record, and for their causes of action against Defendants, Zomer Brothers, Inc. ("Defendant Zomer"); ACME Corp. ("Defendant ACME"); Great West Casualty Co. ("Defendant GWCC"); and Daniel P. Finneman ("Defendant Finneman"), allege and state as follows:

### PARTIES, JURISDICTION & VENUE

1. Plaintiffs are residents of Oklahoma County, State of Oklahoma.

2. Defendant Zomer is a trucking company with a principal place of business in the State of South Dakota, who may be served in accordance with Oklahoma law by and through its Registered Agent, All American Agents of Process located at Two West Second Street, Suite 700, Tulsa, Oklahoma 74103.

3. Defendant Zomer is duly authorized and licensed by the Oklahoma Corporation Commission to do business as a trucking company in Oklahoma, had its intrastate

license renewed, and its liability insurance policy issued by Defendant Great West Casualty Co. (commonly referred to as a Form E) is on file with the State of Oklahoma pursuant to 47 O.S. §230.30.

4. Defendant Finneman is an individual resident of the State of South Dakota who may be served in accordance with Oklahoma law at his residence located at 4412 W. Mills Street, Sioux Falls, South Dakota 57108, or wherever he may be found.

5. Defendant GWCC is the liability insurance company of Defendant Zomer. GWCC is properly named in this action pursuant to 47 O.S. § 230.30, and is, by operation of law, jointly liable with Defendant Zomer, Defendant ACME, and Defendant Finneman.

6. Defendant GWCC established sufficient minimum contacts with the State of Oklahoma by, among other things, being registered and licensed as an insurance company in the State of Oklahoma, marketing and selling insurance products in the State of Oklahoma, entering into contracts with insurance brokers/producers in the State of Oklahoma, and issuing insurance policies in the State of Oklahoma. As an insurer registered and licensed by the State of Oklahoma, GWCC may be served in accordance with Oklahoma law by and through the Insurance Commissioner, located at 400 N.E. 50th Street, Oklahoma City, Oklahoma.

7. Defendant ACME Corp. is a presently unknown corporation whose identity will be determined upon further investigation and ongoing discovery. Once this Defendant's identity becomes known, this Petition will be amended to include the corporation's identifiers. Upon information and belief, Defendant ACME owned the trailer that Defendant Finneman was transporting for the benefit of Defendant Zomer.

8. At the time of the collision giving rise to this lawsuit, Defendant Finneman was operating a 2019 Kenworth commercial motor vehicle ("Tractor") owned by Defendant Zomer and hauling a trailer owned by Defendant ACME Corp (collectively referred to hereinafter as "Tractor Trailer").

9. Upon information and belief, at the time of the subject collision, Defendant Finneman was acting within the course and scope of his employment, agency, or servitude of Defendant Zomer and Defendant ACME.

10. Defendant Finneman established sufficient minimum contacts with the State of Oklahoma by, among other things, picking up and operating a commercial motor vehicle over the streets, roadways, highways and turnpikes of the State of Oklahoma transporting loads for Defendant Zomer and Defendant ACME.

11. Defendant Finneman further was acting as an agent, servant or employee of Defendant Zomer and Defendant ACME, at the time of the subject collision, which occurred within the State of Oklahoma.

12. Further, upon information and belief, Defendant Finneman, on behalf of Defendant Zomer and Defendant ACME, conducted direct and substantial business activities toward and within the State of Oklahoma on a regular basis prior to the subject collision.

13. Defendant Zomer is responsible for Plaintiffs' damages under the theories of negligence, negligence *per se*, respondeat superior, negligent entrustment, negligent hiring, negligent training, negligent retention, negligent employment, negligent supervision, vicarious liability, statutory employment doctrines, and apparent and/or actual agency.

14. Defendant ACME is responsible for Plaintiffs' damages under the theories of negligence, negligence *per se*, respondeat superior, negligent entrustment, negligent hiring, negligent training, negligent retention, negligent employment, negligent supervision, placard liability, vicarious liability, statutory employment doctrines, and apparent and/or actual agency.

15. Defendant Finneman is responsible for Plaintiffs' damages under the theories of negligence, negligence *per se*, statutory employment doctrines, and apparent and/or actual agency.

16. This action arises out of a collision which occurred on or about December 12, 2021, in the northbound lanes of Interstate 35 at approximately mile marker 25 near Ardmore, Carter County, Oklahoma.

17. Accordingly, this Court has jurisdiction over this action and these parties pursuant to 12 O.S. § 2004(F).

18. Venue is proper in this county pursuant to 12 O.S. § 141(2) because this is a civil action arising from the use of motor vehicles, and venue shall be in any county of this State where service of summons can be obtained upon one or more of the defendants.

**FACTS COMMON TO ALL CAUSES OF ACTION**

19. Plaintiffs adopt and reallege the preceding paragraphs and allegations as if fully set forth.

20. At all relevant times herein, Defendant Zomer owned the Tractor, which it directed and authorized be operated upon the roadways of Oklahoma.

21. At all relevant times herein, Defendant ACME owned the Trailer which was attached to the Tractor owned by Defendant Zomer which it directed and authorized be transported upon the roadways of Oklahoma.

22. As a regulated motor carrier assigned United States Department of Transportation Number 316362, Defendant Zomer and its agents, servants or employees, Defendant ACME and/or Defendant Finneman, were subject to and required to obey the rules, regulations and governing provisions of the Federal Motor Carrier Safety Administration, codified at 49 CFR §§ 301-399.

23. As a holder of a commercial driver's license (CDL), Defendant Finneman, in the operation of a commercial motor vehicle, was subject to and required to obey the rules, regulations and governing provisions of the Federal Motor Carrier Safety Administration, codified at 49 CFR §§ 301-399.

24. As set forth in the Federal Motor Carrier Safety Regulations, codified at 49 CFR §§ 301-399, Defendant Zomer, Defendant ACME, and Defendant Finneman had a duty to retain, employ, or authorize qualified drivers to operate commercial motor vehicles, and further had a duty to train and supervise their drivers to prevent unqualified, dangerous drivers from operating commercial motor vehicles and protect the public.

25. Further, Defendant Zomer and Defendant ACME had a duty to entrust its commercial motor vehicles and trailers to qualified, competent, and safe drivers to prevent unqualified, incompetent, or dangerous drivers from operating commercial motor vehicles and protect the public.

26. Before the subject collision, Defendant Zomer, Defendant ACME, and Defendant Finneman acted as a joint enterprise for the purposes of transporting goods over the roadways of the State of Oklahoma.

27. Defendant Zomer and Defendant ACME entrusted the Tractor Trailer to Defendant Finneman to operate in furtherance of their respective business interests.

28. At the time Defendant Zomer and Defendant ACME retained and entrusted Defendant Finneman with the subject Tractor Trailer, Defendant Zomer and Defendant ACME had a duty to retain safe drivers and provide said drivers with safe equipment.

29. At the time Defendant Zomer and Defendant ACME retained and entrusted Defendant Finneman with the subject Tractor Trailer, Defendant Zomer and Defendant ACME had a duty to hire safe drivers to operate said commercial motor vehicle and trailer.

30. At the time Defendant Zomer and Defendant ACME retained and entrusted Defendant Finneman with the Tractor Trailer, Defendant Zomerand Defendant ACME had a duty to train drivers operating their commercial motor vehicles to ensure said drivers were capable of safely operating said commercial motor vehicles over the roadways of the State of Oklahoma and complied with the Federal Motor Carrier Safety Regulations.

31. At the time Defendant Zomer and Defendant ACME retained and entrusted Defendant Finneman with the subject Tractor Trailer, Defendant Zomer and Defendant ACME had a duty to confirm their drivers, including Defendant

Finneman, followed and adhered to the safe commercial motor vehicle driving practices and procedures.

32. On or about December 20, 2021 at approximately 00:35 pm (CST), Defendant Finneman, upon information and belief, was transporting a load for Defendant Zomer and Defendant ACME with the Tractor Trailer, travelling northbound on Interstate 35 near mile marker 25 in Carter County, Oklahoma.

33. On or about said date and time, Defendant Finneman, knew he was getting tired, sleepy, and was beginning to feel intense back pain. Rather than choosing to exit at a truck stop, rest area, or other safe area, Defendant Finneman continued to drive the Tractor Trailer at highway speeds on Interstate 35.

34. On account of his exhaustion and pain, Defendant Finneman failed to see what any safe and careful truck driver would have seen under the same circumstances; namely, a vehicle towing a trailer directly ahead of him.

35. At the time Defendant Finneman chose to drive while exhausted and in pain, Defendant Finneman knew or should have known he was not capable of driving safely upon Oklahoma highways.

36. Had Defendant Finneman been properly trained and been more aware of his exhaustion and pain, he would have known he was driving under conditions that were unsafe for him and traffic around him.

37. Had Defendant Finneman been properly trained and been paying attention to the traffic around him, Defendant Finneman would have known to stop to rest and navigate the tractor trailer to an area where he was no longer a threat to himself or others, especially considering he was driving a Tractor Trailer at highway speeds.

38. Nevertheless, Defendant Finneman disregarded his duties and continued to drive the Tractor Trailer at an unsafe speed, and in an unsafe, careless, and reckless manner.

39. Defendant Finneman chose to drive while he was sleepy, exhausted, and in pain and drove without breaking into the rear of a family vehicle driven by Mr. Gonzalez and occupied by Mrs. Gonzalez.

40. Upon information and belief, Defendant Finneman's view of Plaintiff's family vehicle was not obstructed or impaired. Nothing prevented Defendant Finneman from seeing Plaintiffs' vehicle before Finneman slammed into it.

41. Defendant Finneman's failure and/or refusal to obey the aforementioned rules of the road caused a violent collision with Plaintiffs' family vehicle.

42. After the collision, the Gonzalez's family vehicle departed the travel lanes of Interstate 35, the trailer it was pulling came lose, and the destroyed vehicle came to rest on the east side of I-35 in a grassy area.

43. The careless, reckless and grossly negligent actions and omissions of Defendant Zomer, Defendant ACME, and Defendant Finneman were the direct and/or proximate cause of Plaintiffs' damages.

44. The actions and omissions of the Defendants rise to the level of willful, reckless, and gross disregard of the rights of Plaintiff and others.

### COUNT 1:

### NEGLIGENCE AGAINST DEFENDANT ZOMER, DEFENDANT ACME, AND DEFENDANT FINNEMAN

45. Plaintiffs adopt and reallege the preceding paragraphs and allegations as if fully set forth.

46. At all relevant times herein, Defendant Finneman was the holder of a Class A commercial driver license issued from the State of South Dakota.

47. Defendant Finneman, at the time of the subject crash, was the operator of the Tractor Trailer.

48. Defendant Finneman had a duty to exercise ordinary care in the operation of the Tractor Trailer.

49. Defendant Finneman operated the Tractor Trailer in a negligent manner, specifically by travelling at unsafe highway speeds while he was sleepy, exhausted, and in pain, causing a violent collision with Plaintiffs' family vehicle.

50. Defendant Finneman breached his duty of ordinary care and was negligent in one or more of the following ways:

    a. Operating the Tractor Trailer while distracted;

    b. Operating the Tractor Trailer while sleepy;

    c. Operating the Tractor Trailer while exhausted;

    d. Operating the Tractor Trailer while in severe pain;

    e. Failing to maintain a proper following distance and not tailgating;

    f. Failing to get plenty of rest and pulling over when feeling ill or fatigued;

    g. Failing to keep a proper lookout; or

    h. Failing to yield the right of way.

51. Defendant Finneman's negligence was the direct and proximate cause of the collision and the injuries and damages to Plaintiffs.

52. Said collision and Plaintiffs' injuries were the direct and proximate result of the common law negligence of Defendant Finneman.

53. Defendants Zomer and ACME are vicariously liable for the negligent acts and/or omissions of its agent and employee, Defendant Finneman, through the doctrine of respondeat superior.

54. As a direct and proximate result of the Defendant Finneman's negligence, Plaintiffs suffered bodily injury, endured pain and suffering, have incurred other consequential harms and losses, and their personal property was damaged, all in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

55. Further, Defendant Finneman's negligent actions and omissions rise to the level of reckless conduct and evidence a disregard for the rights of others, including Plaintiffs, warranting punitive damages.

## COUNT 2:

**NEGLIGENCE *PER SE* AGAINST DEFENDANT FINNEMAN, DEFENDANT ZOMER, AND DEFENDANT ACME**

56. Plaintiffs adopt and reallege the preceding paragraphs and allegations as if fully set forth.

57. Defendant Finneman, in the operation of the Tractor Trailer, had a duty to follow Oklahoma's Rules of the Road, codified at OKLA. STAT. tit. 47, § 11-101, et seq.

58. As set forth in Oklahoma's Rules of the Road, Defendant Finneman, in the operation of the Tractor Trailer on Oklahoma roads, had a duty to:

   a. Not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway (47 O.S. §11-310(a));

  b. Maintain a distance of at least 300 feet between his Tractor Trailer and Plaintiffs' family vehicle (47§ 11-310(c));

  c. Devote full time and attention to such driving (47§ 11-901(b)); and,

  d. To refrain from operating his vehicle in a reckless, careless, or wanton manner without regard for the safety others ((47§ 11-901).

59. Defendant Finneman breached his duty owed to others, including the Gonzalez family, in one or more of the following ways:

  a. Operating the vehicle while distracted;

  b. Failing to keep a proper lookout;

  c. Failing to maintain a distance of 300 feet;

  d. Failing to keep a safe distance with traffic ahead;

  e. Failing to devote full time and attention to driving; and,

  f. Operating his Tractor Trailer in a reckless, careless, or wanton manner.

60. Defendant Finneman's failure or refusal to obey and carry out the duties imposed upon him by Oklahoma's Rules of the Road caused a violent, catastrophic collision, which injured the Gonzalez family.

61. Defendant Finneman's violation of Oklahoma's Rules of the Road which caused Plaintiffs' injuries and damages make Defendant Finneman negligent.

62. Defendants Zomer and ACME are vicariously liable for the negligent acts and/or omissions of its agent, employee or servant, Defendant Finneman, through the doctrine of respondeat superior.

63. As a direct and proximate result of the Defendant Finneman'ss negligence, Plaintiffs suffered grave bodily injury, endured pain and suffering, incurred other consequential

harms and losses, their property was damaged, all in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

64. Further, Defendant Finneman's negligent actions and omissions rise to the level of reckless conduct and evidence a disregard for the rights of others, including Plaintiffs warranting punitive damages.

## COUNT 3:

### NEGLIGENT ENTRUSTMENT, SUPERVISION, HIRING AND FAILURE TO TRAIN AGAINST DEFENDANT ZOMER AND DEFENDANT ACME

65. Plaintiffs adopt and reallege the preceding paragraphs and allegations as if fully set forth.

66. Defendant ZOMER and Defendant ACME were negligent in entrusting their dangerous instrumentality, namely the Tractor Trailer, to Defendant Finneman.

67. Defendant ZOMER and Defendant ACME were negligent in hiring and/or retaining and/or contracting with Defendant Finneman to drive the subject Tractor Trailer.

68. Defendant ZOMER and Defendant ACME were negligent in training Defendant Finneman to safely operate and drive the subject Tractor Trailer.

69. Defendant ZOMER and Defendant ACME were negligent in supervising Defendant Finneman to safely operate and drive the subject Tractor Trailer.

70. Defendant ZOMER and Defendant ACME were negligent by failing to exercise ordinary care to determine the fitness of their agent, Defendant Finneman, to safely operate and drive the subject Tractor Trailer.

71. Defendant ZOMER and Defendant ACME were negligent by failing to properly maintain the subject Tractor Trailer.

72. Defendant ZOMER and Defendant ACME were negligent in training Defendant Finneman to safely operate and drive the subject Tractor Trailer.

73. Defendant ZOMER, at all relevant times herein, owned the Tractor operated by Defendant Finneman, and otherwise had control over the use of said Tractor.

74. Defendant ZOMER had a duty to use ordinary care to avoid lending or allowing a person it knew or reasonably should have known was reckless to use their Tractor.

75. As a result of Defendant ZOMER and Defendant ACME's negligence in entrusting the Tractor Trailer to Defendant Finneman, Plaintiffs have suffered damages and are entitled to recover actual and punitive damages against these Defendants.

## COUNT 4:

**PUNITIVE DAMAGES AGAINST DEFENDANTS ZOMER, ACME, AND FINNEMAN**

76. Plaintiffs adopt and reallege the preceding paragraphs and allegations as if fully set forth.

77. Defendant ZOMER, Defendant ACME, and Defendant Finneman' actions and omissions, by clear and convincing evidence, warrant the imposition by the court and the jury of punitive damages in an amount determined in their good conscience.

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants, for actual damages and punitive damages in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, together with their costs, expenses, attorney fees and other such relief as may be equitable and just.

Respectfully submitted,

*[signature]*

Mariano Acuña, OBA #20023
Kari D. Holder, OBA #33195
MARIANO ACUÑA & ASSOCIATES
1900 NW Expressway, Suite 930
Oklahoma City, OK  73104
Telephone:  (405) 225-0703
Facsimile:   (405) 551-8749
mariano@acunalawfirm.com
kari@acunalawfirm.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**