# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAUL GONZALEZ MENDOZA, | ) | |
| MARA MEJIA DE GONZALEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-979-PRW |
| | ) | |
| ZOMER BROTHERS, INC., | ) | |
| GREAT WEST CASUALTY CO., | ) | |
| DANIEL P. FINNEMAN, and | ) | |
| ACME CORP., | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Great West Casualty Co.'s ("GWCC's") Motion to Dismiss for Failure to State a Claim (Dkt. 4). On May 31, 2023, this Court entered an Order (Dkt. 7) directing Plaintiffs to show cause, by June 7, 2023, as to why Defendant's Motion (Dkt. 4) should not be deemed confessed and Plaintiffs' claims against Defendant GWCC dismissed without prejudice. Plaintiffs have filed no response to that Order.

"[A] district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.'"[1] Rather, "the Court 'must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted,' despite Plaintiff's failure to respond to the

---

[1] *Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)).

Motion."[2] In reviewing a 12(b)(6) motion to dismiss, the plaintiff's well-pleaded factual allegations are accepted as true and are considered in the light most favorable to him.[3]

Defendant GWCC's Motion (Dkt. 4) argues that Plaintiffs have no pathway to maintain a direct action against GWCC—the insurer of Defendant motor carrier Zomer Brothers, Inc. ("Zomer"), involved in the alleged traffic incident at issue in this case. Plaintiffs' Complaint (Dkt. 1-2) envisions such a path in § 230.30 of the Oklahoma Motor Carrier Safety and Hazardous Materials Transport Act,[4] which requires motor carriers operating in the state to maintain liability insurance in order to receive a motor carrier license from the Oklahoma Corporation Commission ("OCC"). However, as GWCC notes, "this court, other federal courts, and a panel of the Oklahoma Court of Civil Appeals, have held that § 230.30(A) does not authorize a direct action against the insurer of an out-of-state motor carrier that has registered in its 'home' or 'base' state and not with the [OCC]."[5]

The option for "home" or "base" state registration stems from Oklahoma's participation in the federal Unified Carrier Registration System ("UCRS").[6] Within that system motor carriers must register in a participating state: by default, the state in which

---

[2] *Zagaruyka & Assocs. v. HealthSmart Benefit Sols. Inc.*, No. CIV-18-697-G, 2019 WL 5536383, at *2 (W.D. Okla. Oct. 25, 2019).

[3] *Tomlinson v. El Paso Corp.*, 653 F.3d 1281, 1285–86 (10th Cir. 2011).

[4] OKLA. STAT. tit. 47, § 230.

[5] *Beebe v. Flores*, No. CIV-11-1381-HE, 2012 WL 137780, at *1 (W.D. Okla. Jan. 18, 2012).

[6] *See* OKLA. STAT. tit. 47, §162.1.

the carrier maintains its principal place of business.[7] As the Complaint (Dkt. 1-2) details, Defendant Zomer is an out-of-state motor carrier, with its principal place of business in South Dakota,[8] a UCRS participant.[9] Nevertheless, the Complaint (Dkt. 1-2) also contends that Defendant Zomer "is duly authorized and licensed by the Oklahoma Corporation Commission to do business as a trucking company in Oklahoma, had its intrastate license renewed, and its liability insurance policy issued by [GWCC] . . . is on file with the State of Oklahoma pursuant to [§ 230.30]."[10] However unlikely given the UCRS framework, such a licensure and filing remain possible under the laws of Oklahoma.[11]

At this stage of the proceeding this Court cannot simply accept GWCC's assertion that the facts are "[c]ontrary to Plaintiffs allegation," or that Plaintiffs' allegation that Zomer's liability insurance is on file with the OCC is somehow not "valid."[12] Such arguments are better suited to a Motion for Summary Judgment, where they may be substantiated by affidavit, declaration, or other evidence. But in reviewing a motion to dismiss, this Court must accept "factual allegations as true and consider[] them in the light

---

[7] 49 U.S.C. § 14504a(a)(2). Though not relevant here, a motor carrier housed in a non-participating state, or a motor carrier without a principal place of business, may choose a participating state to designate as its home state, subject to some limitations.

[8] *See* Pls.' Compl. (Dkt. 1-2) at ¶ 2.

[9] *See* S.D. CODIFIED LAWS § 49-28-69.

[10] Pls.' Compl. (Dkt. 1-2) at ¶ 3.

[11] *See Mason v. Dunn*, No. CIV-14-282-KEW, 2016 WL 1178058, at *2 (E.D. Okla. March 23, 2016) (noting the "limited circumstance where [a] motor carrier obtains a license from the [OCC] as defined by [§ 230.23(3)]").

[12] *See* Def. GWCC's Mot. to Dismiss (Dkt. 4), at 5–6.

most favorable to the plaintiff[s]."[13] Here, Plaintiffs' allegation that Defendant Zomer is licensed by the OCC, taken as true, would support a direct claim, pursuant to § 230.30, against GWCC as Defendant Zomer's insurer.[14] Accordingly, Defendant GWCC's Motion (Dkt. 4) is **DENIED**.

    **IT IS SO ORDERED** this 28th day of June 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[13] *Tomlinson*, 653 F.2d at 1285–86 (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).

[14] *Compare Green v. ACE American Ins. Co.*, No. CIV-07-1377-HE, 2008 WL 4372871, at *3 (W.D. Okla. Sept. 19, 2008) ("Here, there is no allegation that [the motor carrier] obtained a license from the [OCC] or filed a liability insurance policy with the [OCC]. . . . Accordingly, the court concludes that plaintiff has failed to state a claim against [the insurer].").